JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

FILED
2009 AUG 18 A 11: 57
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR- CR-09 00834 RMW HRL |
|---|---|---|
| Plaintiff, | ) | VIOLATIONS: |
| | ) | 18 U.S.C. § 1343 – Wire Fraud; 26 U.S.C. § 7201- Tax Evasion. |
| v. | ) | |
| | ) | |
| GREGORY SCOTT DIXON, | ) | SAN JOSE VENUE |
| | ) | |
| Defendant. | ) | |

INFORMATION

The United States Attorney charges:

Background Information:

At all times relevant to this Information:

1.  Financia Investing, Inc. ("Financia"), was a California corporation located in San Jose, California, and held itself out as an investment business that claimed to circumvent Securities and Exchange Commission registration and notice requirements by operating as a "Private Party Investment" plan.

2.  Wanda Lee Newby ("Newby") was the President of Financia. Newby became ill with breast cancer and died on December 14, 2006.

3.  The defendant, Gregory Scott Dixon ("Dixon"), was the live-in boyfriend of Newby

and was the Chief Financial Officer of Financia.

4. Financia maintained a corporate bank account at Washington Mutual Bank ("the WaMu account"), account number XXXX5497-7, opened March 24, 2003, which was used to accept deposits from investors and also to transfer funds out for various purposes. As Chief Financial Officer of Financia, Dixon had signatory authority over the WaMu account.

5. Dixon maintained a personal bank account at Bank of America ("the B of A account"), account number XXXX6568, opened July 16, 2004. Dixon controlled the B of A account.

Scheme and Artifice:

6. The gist of the scheme and artifice was that Newby solicited funds from various individuals by making false and fraudulent representations that she, acting as Financia, would invest those funds, all the while knowing that the bulk of the money would not be invested according to their promises, but would rather go to finance an extravagant lifestyle.

7. Once the funds were received, the money was diverted for personal use, used later investors' funds to pay off earlier investors, and invested some of the funds, but at a far lower amount than represented to the investors.

8. False IRS 1099 forms were sent to investors, representing non-existent earnings on the Financia accounts, which furthered the scheme and artifice by lulling investors' concerns about Financia. False earnings statements were sent to investors for the same purpose.

9. During the time period when Newby was incapacitated by her illness, and in an effort to delay investors' inquiries, Dixon falsely and fraudulently represented to investors that he would continue the business of Financia, and that after Newby's death he would hire an attorney to pay off all the investors. In truth and in fact, Dixon used the time afforded him by his false representations to transfer the entire remnant of funds in the Financia account to his own personal use, through transfers to the B of A account, to his American Express account, or otherwise.

COUNT ONE     WIRE FRAUD (18 U.S.C. §1343)

10. The factual allegations contained in paragraphs 1 through 9 are realleged and incorporated herein by reference as if set forth in full.

11. From in or about 2003 and continuing through to December 2006, in the Northern District of California and elsewhere, the defendant

GREGORY SCOTT DIXON

did devise and intend to devise a scheme and artifice to defraud and for obtaining money by means of material false and fraudulent pretenses, representations, and promises, then and there well knowing that said pretenses, representations, and promises were false and fraudulent when made.

12. On or about December 29, 2006, the defendant did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, and signals for the purpose of executing such scheme and artifice, that is, the defendant caused a wire transfer of funds, that is, $12,060.00, to be sent over the Internet by wire communication from the Financia bank account located in San Jose, California, to his personal American Express account located in Phoenix, Arizona.

All in violation of Title 18, United States Code, Section 1343.

COUNT TWO          TAX EVASION (26 U.S.C. § 7201)

13. The factual allegations contained in paragraphs 1 through 12 are realleged and incorporated herein by reference as if set forth in full.

14. On or about and between January 1, 2006, and April 15, 2007, in Santa Clara County, in the Northern District of California, and elsewhere, the defendant

GREGORY SCOTT DIXON

did willfully attempt to evade and defeat part of the income tax due and owing by him to the United States of America for the calendar year 2006, by the following means:

a. failing to file a U.S. Individual Income Tax Return, Form 1040, as required by law on or before April 15, 2007, to any proper officer of the Internal Revenue Service, thereby failing to report taxable income earned and thereby evading tax due and owing of approximately $145,150;

b. failing to disclose income to the Internal Revenue Service via Form 1099 or W2;

c. concealing the source of income by transferring funds from the WaMu account to the B of A account; and

d. using the WaMu account to pay personal expenses and failing to report the

INFORMATION                    3

income realized by the use of the business account.

All in violation of Title 26, United States Code, Section 7201.

DATED: 8/17/09

JOSEPH P. RUSSONIELLO
United States Attorney

MATTHEW A. PARRELLA
Chief, CHIP Unit

(Approved as to form: _____)
AUSA PARRELLA

INFORMATION                                        4

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☒ INFORMATION  ☐ INDICTMENT  ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

**OFFENSE CHARGED**

Count 1: 18 U.S.C. § 1343 - Wire Fraud
Count 2: 26 U.S.C. § 7201 - Tax Evasion

☐ Misdemeanor
☒ Felony

PENALTY:
Count 1: 5 years prison; 3 years supervised release; $250,000 fine; and $100 mandatory special assessment
Count 2: 10 years prison; 3 years supervised release; $250,000 fine; and $100 mandatory special assessment

FILED
2009 AUG 18  A 11:58
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

CR-09  0083 RMW  HRL

**DEFENDANT - U.S**
► GREGORY SCOTT DIXON

E-FILING

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ►
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person Furnishing Information on this form
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Matthew A. Parrella

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

DATE OF ARREST ►   Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ►   Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT    Bail Amount:
If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

Date/Time: 8/20/2009, 9:30 a.m.   before Judge: Richard Seeborg

Comments: